BENNETT, Circuit Judge, dissenting.
I respectfully dissent because to me this is a clear and classic case of a contract implied in fact that has been breached by the government. Mr. Robert Ball, a government agent with authority to contract, made a written promise to the Bank to induce it to continue to extend credit to the contractor, Foxie Bluford, something it was otherwise reluctant to do because of his questionable financial condition. Mr. Ball promised that if there was a contract termination the Bank would be notified immediately. The promise was not kept. The Bank continued to extend credit in direct consideration of the government’s written offer and by so doing lost $80,000. These vital facts are admitted. The Bank, therefore, is entitled to recover, less the sum of $5,800 it has obtained as a result of a state court judgment against the contractor.
In addition, the government breached its own Armed Services Procurement Regulation (ASPR), 32 C.F.R. § 8-203(b) (1976), which provides that notice of termination of contracts, for the convenience of the government, must be provided by the procuring department to each known assignee. The ASPR is made applicable to SBA section 8(a) contracts by 32 C.F.R. § 1-705.-5(c)(l)(J) (1976). The majority opinion takes the position, however, that a breach of regulations does not give rise to a claim for money and thus recovery is barred, citing United States v. Testan, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). This case does not support the majority’s position. Testan was a claim of improper classification by civil service employees. The determination of their claim required an interpretation of the Classification Act and the Back Pay Act. It had nothing to do with contract law. It is hornbook law that the rights and positions of government employees derive from their appointment under statute, regulation, and Executive order. Testan made this clear and further pointed out that the claim in that case was not based on contract. 424 U.S. at 400.
The present claim comes to us on appeal from the Claims Court which has jurisdiction over government contracts “express or implied” under its Tucker Act jurisdiction, 28 U.S.C. § 1491, amended by the Federal Courts Improvement Act of 1982, Pub.L. No. 97-164, 96 Stat. 25. We review under the latter. In short, where there is a government contract, express or implied in fact, the Claims Court has jurisdiction and the government is equitably estopped to deny its obligations under such contract. Russell Corp. v. United States, 537 F.2d 474, 210 Ct.Cl. 596 (1976) (equitable estoppel will be invoked to prevent the United States from denying existence of contractual agreement); Manloading & Management Associates v. United States, 461 F.2d *870 1299, 198 Ct.Cl. 628 (1972) (government estopped from disavowing promise regarding renewal of contract); Sylvania Electric Products, Inc. v. United States, 458 F.2d 994, 198 Ct.Cl. 106 (1972) (government estopped from disavowing oral understanding reached at bidders’ conference). This is also the accepted view of other circuits, as shown from the uncontested authorities cited in appellant’s brief.
Although the majority, therefore, in my view is wrong in its holding that violation of the regulation is meaningless and without a remedy, it is not necessary for appellant to recover to show that the government is estopped from making its argument about this regulation. It is sufficient to show that there is a valid implied contract here (the Claims Court did not deny that there was consideration for it) and that it was breached.
The majority view would deny recovery for this breach by arguing that the implied contract covered only the period of the original subcontract between the SBA and Foxie Bluford which was terminated on August 31,1978, although it was not due to expire by its own terms until September 30, 1978. The Bank did not learn of the termination until after the middle of October because the SBA did not keep its promise to let the Bank know “immediately” if there was an early termination. The loan in issue here was made on September 22, 1978, while a one-month contract, not an extension of the earlier contract, was in effect, and at a time the Bank assumed, absent information from the SBA to the contrary, that the original contract was still in effect until September 30. Is it not strange to assert, as does the majority opinion affirming the Claims Court, that the SBA had an obligation to inform the Bank of a termination within the period of the original contract, but that the secret (to the Bank) termination of the contract by the government discharged any possible liability for the abrogation of its duty to inform the Bank if the contract was terminated? In effect, both the Claims Court and this court recognize an obligation on the part of the SBA that, in practice, is absolutely meaningless.
Finally, it is noted that the majority opinion says that the Army and the SBA should have given notice to the Bank, although not legally responsible for not doing so. The practical effect of this is to send a message to the public that you cannot trust the government, that you must assume that it will not keep its authorized, written promises, and that it will ignore with impunity its published regulations. The majority opinion is that, in believing otherwise, the Bank was negligent and cannot recover on that account. I had thought that the government was held to a higher standard and that it must turn “square corners” in dealing with the citizen. The Claims Court opinion, affirmed now on appeal, although denying any recovery, says that “[t]he Bank has reason to feel aggrieved.” Indeed!